**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | **PREIT Associates, L.P.** |
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 23-2925032 __ __ __ __ __ |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2005** Market Street, Suite 1000 <br> Number   Street | Number   Street |
| | P.O. Box |
| **Philadelphia**       **PA**    19103 <br> City           State   ZIP Code | City           State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Philadelphia <br> County | Number   Street |
| | City           State   ZIP Code |

5. **Debtor's website** (URL)     **www.preit.com**

| Debtor | PREIT Associates, L.P. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☑ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☑ None of the above |
| | | |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | | 5311 ___ ___ ___ |

| | | |
|---|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☑ Chapter 11. *Check **all** that apply*: |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☑ A plan is being filed with this petition. |
| | | ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

Debtor    PREIT Associates, L.P.
_____
Name

Case number (if known) _____

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ■ No
   ☐ Yes. District _____ When _____ Case number _____
                                        MM / DD / YYYY
          District _____ When _____ Case number _____
                                        MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ■ Yes. Debtor    See Annex 1 _____ Relationship _____
           District _____ When _____
                                                        MM / DD / YYYY
           Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number        Street

    _____

    _____
    City                                        State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____

    Contact name _____

    Phone _____

---

| | **Statistical and administrative information** |
|---|---|

---

Debtor    PREIT Associates, L.P._____    Case number (*if known*)_____
          Name

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☒ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☒ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/01/2020
               MM  / DD / YYYY

✖  /s/ Lisa Most_____          Lisa Most_____
Signature of authorized representative of debtor          Printed name

Title  Executive VP / General Counsel_____

| Debtor | PREIT Associates, L.P. | Case number *(if known)* |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✗ /s/ R. Craig Martin

Date ___11/01/2020___

Signature of attorney for debtor

MM / DD / YYYY

R. Craig Martin
Printed name

DLA Piper LLP (US)
Firm name

1201    North Market Street, Suite 2100
Number    Street

Wilmington                                    DE        19801
City                                          State     ZIP Code

(302) 468-5700                                craig.martin@us.dlapiper.com
Contact phone                                 Email address

5032                                          DE
Bar number                                    State

**Annex 1**

**(Alphabetical List of Debtors)**

|     | Debtor Name | Case No. | EIN |
| --- | --- | --- | --- |
| 1 | Bala Cynwyd Associates, LP | | 8913 |
| 2 | Moorestown Mall LLC | | 8051 |
| 3 | Pennsylvania Real Estate Investment Trust | | 6339 |
| 4 | Plymouth Ground Associates LLC | | N/A |
| 5 | Plymouth Ground Associates, LP | | N/A |
| 6 | PR AEKI Plymouth LLC | | N/A |
| 7 | PR AEKI Plymouth, LP | | N/A |
| 8 | PR BVM LLC | | N/A |
| 9 | PR Capital City Limited Partnership | | 7775 |
| 10 | PR Capital City LLC | | 4283 |
| 11 | PR CC I LLC | | 3669 |
| 12 | PR CC II LLC | | N/A |
| 13 | PR CC Limited Partnership | | 4179 |
| 14 | PR Cherry Hill Office GP, LLC | | N/A |
| 15 | PR Cumberland Outparcel LLC | | N/A |
| 16 | PR Exton Limited Partnership | | 2620 |
| 17 | PR Exton LLC | | N/A |
| 18 | PR Exton Outparcel GP, LLC | | N/A |
| 19 | PR Exton Outparcel Holdings, LP | | N/A |
| 20 | PR Exton Outparcel Limited Partnership | | N/A |
| 21 | PR Exton Square Property L.P. | | 7997 |
| 22 | PR Fin Delaware LLC | | N/A |
| 23 | PR Financing I LLC | | 7844 |
| 24 | PR Financing II LLC | | N/A |
| 25 | PR Financing Limited Partnership | | 4892 |
| 26 | PR Gainesville Limited Partnership | | N/A |
| 27 | PR Gainesville LLC | | N/A |
| 28 | PR GV LLC | | N/A |
| 29 | PR GV LP | | N/A |
| 30 | PR Hyattsville LLC | | 3110 |
| 31 | PR Jacksonville Limited Partnership | | N/A |
| 32 | PR Jacksonville LLC | | 4726 |
| 33 | PR JK LLC | | N/A |
| 34 | PR Magnolia LLC | | 5017 |
| 35 | PR Monroe Old Trail Holdings, L.P. | | N/A |
| 36 | PR Monroe Old Trail Holdings, LLC | | N/A |
| 37 | PR Monroe Old Trail Limited Partnership | | N/A |
| 38 | PR Monroe Old Trail, LLC | | N/A |
| 39 | PR Moorestown Anchor-L&T, LLC | | N/A |
| 40 | PR Moorestown Anchor-M LLC | | N/A |
| 41 | PR Moorestown Limited Partnership | | 7661 |

|    | **Debtor Name** | **Case No.** | **EIN** |
|----|-----------------|--------------|---------|
| 42 | PR Moorestown LLC | | N/A |
| 43 | PR Plymouth Anchor-M, L.P. | | N/A |
| 44 | PR Plymouth Anchor-M, LLC | | N/A |
| 45 | PR Plymouth Meeting Associates PC LP | | N/A |
| 46 | PR Plymouth Meeting Limited Partnership | | 8280 |
| 47 | PR Plymouth Meeting LLC | | N/A |
| 48 | PR PM PC Associates LLC | | N/A |
| 49 | PR PM PC Associates LP | | N/A |
| 50 | PR Prince George's Plaza LLC | | 6377 |
| 51 | PR Springfield Town Center LLC | | 9679 |
| 52 | PR Sunrise Outparcel 2, LLC | | 4373 |
| 53 | PR Swedes Square LLC | | N/A |
| 54 | PR TP LLC | | N/A |
| 55 | PR TP LP | | N/A |
| 56 | PR Valley Anchor-M Limited Partnership | | N/A |
| 57 | PR Valley Anchor-M, LLC | | N/A |
| 58 | PR Valley Anchor-S, LLC | | N/A |
| 59 | PR Valley Limited Partnership | | 5123 |
| 60 | PR Valley LLC | | 4705 |
| 61 | PR Valley Solar LLC | | N/A |
| 62 | PR Valley View Anchor-M, LLC | | N/A |
| 63 | PR Valley View Anchor-M, LP | | N/A |
| 64 | PR Valley View OP-DSG/CEC, LLC | | 5063 |
| 65 | PR Woodland Anchor-S, LLC | | N/A |
| 66 | PREIT Associates, L.P. | | 5032 |
| 67 | PREIT-RUBIN OP, Inc. | | 4799 |
| 68 | PREIT-RUBIN, Inc. | | 4920 |
| 69 | XGP LLC | | N/A |

## <u>AUTHORIZED OFFICER'S CERTIFICATE</u>

### November 1, 2020

This Authorized Officer's Certificate (this "<u>Certificate</u>") is furnished in connection with those certain chapter 11 petitions filed on November 1, 2020 (as amended, modified or supplemented from time to time, the "<u>Petitions</u>"), by Pennsylvania Real Estate Investment Trust, a business trust formed under the laws of the Commonwealth of Pennsylvania, and certain of its direct and indirect subsidiaries (each, the "<u>Company</u>").

The undersigned, being an Authorized Officer of each Company, hereby certifies, solely in her capacity as such and not in her individual capacity and without personal liability, that attached hereto is a true, correct and complete copy of the resolutions duly adopted by the Governing Body of each Company (as such term is defined therein) on the date hereof, in accordance with the trust agreement, bylaws, operating agreements or partnership agreements, as applicable, of such Company and the requirements of applicable law, and such resolutions have not been modified, rescinded or amended and are in full force and effect as of the date of this Certificate.

**IN WITNESS WHEREOF**, I have hereunto signed my name on the date first written above.

By: _/s/ Lisa Most_

Name: Lisa Most

Title: Executive Vice President & General Counsel

**OMNIBUS RESOLUTIONS BY
THE MEMBERS OF THE BOARD OF TRUSTEES,
THE MEMBERS OF THE BOARD OF DIRECTORS,
THE GENERAL PARTNERS, THE SOLE MEMBERS AND
THE MANAGING MEMBERS (AS APPLICABLE) OF THE FOLLOWING ENTITIES
(EACH AND COLLECTIVELY, THE "COMPANY")**

Pennsylvania Real Estate Investment Trust
PREIT Associates, L.P.
PREIT-RUBIN, Inc.
PREIT-RUBIN OP, Inc.
Bala Cynwyd Associates, LP
Moorestown Mall LLC
Plymouth Ground Associates LLC
Plymouth Ground Associates, LP
PR AEKI Plymouth LLC
PR AEKI Plymouth, LP
PR BVM LLC
PR Capital City Limited Partnership
PR Capital City LLC
PR CC I LLC
PR CC II LLC
PR CC Limited Partnership
PR Cherry Hill Office GP, LLC
PR Cumberland Outparcel LLC
PR Exton Limited Partnership
PR Exton LLC
PR Exton Outparcel GP, LLC
PR Exton Outparcel Holdings, LP
PR Exton Outparcel Limited Partnership
PR Exton Square Property L.P.
PR Fin Delaware LLC
PR Financing I LLC
PR Financing II LLC
PR Financing Limited Partnership
PR Gainesville Limited Partnership
PR Gainesville LLC
PR GV LLC
PR GV LP
PR Hyattsville LLC
PR Jacksonville Limited Partnership
XGP LLC

PR Jacksonville LLC
PR JK LLC
PR Magnolia LLC
PR Monroe Old Trail Holdings, L.P.
PR Monroe Old Trail Holdings, LLC
PR Monroe Old Trail Limited Partnership
PR Monroe Old Trail, LLC
PR Moorestown Anchor-L&T, LLC
PR Moorestown Anchor-M LLC
PR Moorestown Limited Partnership
PR Moorestown LLC
PR Plymouth Anchor-M, L.P.
PR Plymouth Anchor-M, LLC
PR Plymouth Meeting Associates PC LP
PR Plymouth Meeting Limited Partnership
PR Plymouth Meeting LLC
PR PM PC Associates LLC
PR PM PC Associates LP
PR Prince George's Plaza LLC
PR Springfield Town Center LLC
PR Sunrise Outparcel 2, LLC
PR Swedes Square LLC
PR TP LLC
PR TP LP
PR Valley Anchor-M Limited Partnership
PR Valley Anchor-M, LLC
PR Valley Anchor-S, LLC
PR Valley Limited Partnership
PR Valley LLC
PR Valley Solar LLC
PR Valley View Anchor-M, LLC
PR Valley View Anchor-M, LP
PR Valley View OP-DSG/CEC, LLC
PR Woodland Anchor-S, LLC

**November 1, 2020**

Effective as of the date written above, each of the following governing bodies (each, the "Governing Body"):

(i) all of the members of the Board of Trustees (the "Board of Trustees") of Pennsylvania Real Estate Investment Trust, a business trust organized and existing under the laws of the Commonwealth of Pennsylvania ("PREIT");

(ii) all of the members of the respective Board of Directors (the "Board of Directors") of PREIT-RUBIN, Inc., a Pennsylvania corporation ("PREIT-Rubin") and PREIT-RUBIN OP, Inc., a Pennsylvania Corporation ("PREIT-RUBIN OP");

(iii) PREIT-Rubin, as the sole member of: (a) PR Sunrise Outparcel 2, LLC, a New Jersey limited liability company; (b) PR Valley Solar LLC, a Delaware limited liability company; (c) PR Monroe Old Trail, LLC, a Delaware limited liability company, which is the general partner of PR Monroe Old Trail Limited Partnership, a Pennsylvania limited partnership; and (d) PR Monroe Old Trail Holdings, LLC, a Delaware limited liability company, which is the general partner of PR Monroe Old Trail Holdings, L.P., a Pennsylvania limited partnership;

(iv) PREIT as the general partner of PREIT Associates, L.P., a Delaware limited Partnership ("PREIT Associates"), and

(v) PREIT Associate as the sole member of: (a) PR Cherry Hill Office GP, LLC, a Delaware limited liability company, which is the general partner of Bala Cynwyd Associates, LP, a Pennsylvania limited partnership; (b) PR Moorestown Anchor-M, LLC, a New Jersey limited liability company; (c) PR Moorestown LLC, a Pennsylvania limited liability company, which is the general partner of PR Moorestown Limited Partnership, a Pennsylvania limited partnership, which in turn is the sole member of Moorestown Mall LLC, a Delaware limited liability company; (d) Plymouth Ground Associates LLC, a Pennsylvania limited liability company, which is the general partner of Plymouth Ground Associates, LP, a Pennsylvania limited partnership; (e) PR AEKI Plymouth LLC, a Delaware limited liability company, which is the general partner of PR AEKI Plymouth, LP, a Delaware limited partnership; (f) PR BVM, LLC, a Pennsylvania limited liability company; (g) PR Cumberland Outparcel LLC, a New Jersey limited liability company; (h) PR Valley View OP-DSG/CEC, LLC, a Delaware limited liability company; (i) PR Moorestown Anchor-L&T, LLC, a New Jersey limited liability company, (j) PR Exton LLC, a Pennsylvania limited liability company, which is the general partner of PR Exton Limited Partnership, a Pennsylvania limited partnership, which in turn is the sole member of XGP LLC, a Delaware limited liability company, which is the general partner of PR Exton Square Property L.P., a Delaware limited partnership; (k) PR Exton Outparcel GP, LLC, a Delaware limited liability company, which is the general partner of PR Exton Outparcel Holdings, LP and PR Exton Outparcel Limited Partnership, each a Pennsylvania limited partnership; (l) PR Fin Delaware LLC, a Delaware limited liability company; (m) PR Financing II LLC, a Delaware limited liability company, which, together with PREIT Associates, are managing members of PR Financing I LLC, a Delaware limited liability company, which in turn is the general partner of PR Financing Limited Partnership, a Delaware limited partnership; (n) PR Gainesville LLC, a Delaware limited liability company, which is the general partner of PR Gainesville Limited Partnership, a Delaware limited partnership; (o) PR GV LLC, a Delaware limited liability company, which is the general partner of PR GV LP, a Delaware limited partnership; (p) PR Prince George's Plaza LLC, a Delaware limited liability company, which is the sole member of PR Hyattsville LLC, a Delaware limited liability company; (q) PR JK LLC, a Delaware limited liability company, which, together with PREIT Associates, are managing members of PR Jacksonville LLC, a Delaware limited liability company, which in turn is the general partner of PR Jacksonville Limited Partnership, a Pennsylvania limited partnership; (r) PR Magnolia LLC, a Delaware limited liability company; (s) PR Valley Anchor-S, LLC, a Maryland limited liability company; (t) PR Woodland Anchor-S, LLC, a Delaware limited liability company; (u) PR Plymouth Anchor-M, LLC, a Delaware limited liability company, which is the general

partner of PR Plymouth Anchor-M, L.P. a Delaware limited partnership; (v) PR PM PC Associates LLC, a Delaware limited liability company, which is the general partner of PR Plymouth Meeting Associates PC LP and PR PM PC Associates LP, each a Delaware limited partnership; (w) PR Plymouth Meeting LLC, a Pennsylvania limited liability company, which is the general partner of PR Plymouth Meeting Limited Partnership, a Pennsylvania limited partnership; (x) PR Springfield Town Center LLC, a Delaware limited liability company; (y) PR Swedes Square LLC, a Delaware limited liability company; (z) PR TP LLC, a Delaware limited liability company, which is the general partner of PR TP LP, a Delaware limited partnership; (aa) PR Valley Anchor-M, LLC, a Delaware limited liability company, which is the general partner of PR Valley Anchor-M Limited Partnership, a Pennsylvania limited partnership; (bb) PR Valley LLC, a Delaware limited liability company, which is the general partner of PR Valley Limited Partnership, a Pennsylvania limited partnership; (cc) PR Valley View Anchor-M, LLC, a Delaware limited liability company, which is the general partner of PR Valley View Anchor-M Limited Partnership, a Pennsylvania limited partnership; and (dd) PR CC II LLC, a Delaware limited liability company, which, together with PREIT Associates, are managing members of (1) PR CC I LLC, a Delaware limited liability company, which in turn is the general partner of PR CC Limited Partnership, a Pennsylvania limited partnership, and (2) PR Capital City LLC, a Delaware limited liability company, which in turn is the general partner of PR Capital City Limited Partnership, a Pennsylvania limited partnership;

hereby consents to and approves the following actions and adopts the following resolutions pursuant to the bylaws, trust agreements, partnership agreements, limited liability company agreements, as applicable, and the laws of the state of formation or organization of each Company:

## RECITALS

**WHEREAS**, PREIT, PREIT Associates and PREIT Rubin (collectively, the "Borrowers") have approximately $968 million in funded debt (the "Funded Debt"), consisting of: (i) $913 million in unsecured debt under that certain Seven-Year Term Loan Agreement, dated as of January 8, 2014 (as amended through the date hereof, the "7-Year Term Loan Agreement") and that certain Amended and Restated Credit Agreement, dated as of May 24, 2018 (as amended through the date hereof, the "Revolver/TL Credit Agreement", and together with the 7-Year Term Loan Agreement, and collectively, the "Credit Agreements") and (ii) $55 million in secured debt under that certain Credit Agreement, dated as of August 11, 2020 (as amended through the date hereof, the "Bridge Credit Agreement"), with such Funded Debt being guaranteed, by and partially secured by property of, certain of the Borrowers' affiliates;

**WHEREAS**, given the previously disclosed operational and financial challenges and the Company's constrained liquidity, over the course of the past several months, the Company has taken meaningful actions to enhance the financial and operational health of the business and has been engaged in comprehensive and arms'-length negotiations with its lenders in an effort to restructure its indebtedness and recapitalize the Company;

**WHEREAS**, the Governing Body has surveyed potential restructuring options for the Company and considered presentations by management and the advisors to the Company regarding the assets, liabilities and liquidity situation of the Company, the strategic alternatives available to the Company and the impact of the foregoing on the Company's business, prospects and enterprise value;

**WHEREAS**, the Governing Body has reviewed, had the opportunity to consult with, and ask questions of, the management and legal advisors of, and other consultants to, the Company, and fully considered each of the strategic alternatives available to the Company;

**WHEREAS**, after being fully informed, deliberation and careful consideration, the Company's senior management and legal and other advisors engaged in arm's-length, good faith negotiations with certain prepetition lenders (the "Consenting Lenders") with respect to a Restructuring Support Agreement (the "Restructuring Support Agreement"), which received the support of approximately 80% of the Consenting Lenders, and contemplates, among other things, a reorganization and recapitalization of the Company pursuant to a prepackaged chapter 11 plan of reorganization to be filed in chapter 11 cases under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, in accordance with the Restructuring Support Agreement, the Company's senior management and legal and other advisors engaged in good faith negotiations with the Consenting Lenders and drafted the *Joint Prepackaged Plan of Reorganization of Pennsylvania Real Estate Investment Trust and Certain of Its Direct and Indirect Subsidiaries* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") and related *Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization of Pennsylvania Real Estate Investment Trust and Certain of Its Direct and Indirect Subsidiaries* (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement");

**WHEREAS**, each Governing Body has reviewed and considered presentations by the senior management and the legal and other advisors of each Company regarding the advantages and disadvantages to each Company soliciting acceptances of the Plan contemplated by the Restructuring Support Agreement;

**WHEREAS**, on October 9, 2020, the Company commenced solicitation of the votes to accept or reject the Plan from the Holders of Allowed Claims in Class 2 and Class 5 (as these terms are defined in the Plan), setting October 18, 2020, as the Voting Deadline;

**WHEREAS**, the Plan was accepted by an affirmative vote of more than one-half in number of total Allowed Claims in each of the Impaired Classes (as defined in the Plan) that have voted and an affirmative vote of approximately 95% of the Allowed Claims, which far exceeds the statutory requirement of two-thirds in dollar amount of the total Allowed Claims in each of the Impaired Classes that have voted; and

**WHEREAS**, in furtherance of the Restructuring Support Agreement and after being fully informed, deliberation and careful consideration, in the judgment of the Governing Body of each Company, after consulting with its senior management, legal advisors, and other consultants to the Company, it is desirable and in the best interests of each Company, its creditors, its equity holders and other parties in interest, that each Company file or cause to be filed forthwith a voluntary petition for relief (such voluntary petition, and the voluntary petition to be filed by each Company, commencing a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under the Bankruptcy Code in the Bankruptcy Court.

**NOW, THEREFORE, IT IS**

**The Plan and Solicitation**

     **RESOLVED**, each Governing Body of each respective Company hereby approves the form, terms and provisions of the Plan and the related Disclosure Statement and the execution, delivery, filing and performance thereof, and the consummation of the transactions contemplated thereunder by each Company as in the best interests of each Company, its shareholders, creditors and all other parties in interest, with such changes therein and additions thereto as any Authorized Officer who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the Plan and/or the Disclosure Statement, and such other documents, agreements, instruments and certificates as may be required by the Plan and Disclosure Statement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

     **RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the applicable Company, to execute and deliver any amendments, supplements, modifications, restatements, waivers, substitutions and extensions of the Plan and/or Disclosure Statement; and be it further

     **RESOLVED**, that the materials accompanying the Plan and the Disclosure Statement for purposes of the solicitation of votes on the Plan (known as the "Solicitation Materials") are hereby approved and the solicitation of votes on the Plan prior to commencement of the Chapter 11 Cases is hereby approved and declared advisable and in the best interests of each Company, its shareholders, creditors and all other parties in interest, and any actions taken related thereto are ratified.

**Chapter 11 Filing**

     **RESOLVED**, that each Company shall be, and hereby is, authorized to file or cause to be filed forthwith a Chapter 11 Case under the provisions of the Bankruptcy Code in the Bankruptcy Court; and it is further

     **RESOLVED**, that Lisa M. Most, Mario C. Ventresca, Jr., Andrew M. Ioannou, or any other duly appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists, motions, certificates, declarations, other papers and documents, and to take any and all action that any one or more deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business or to successfully prosecute the Chapter 11 Cases; and it is further

     **RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to certify the authenticity of these resolutions, if necessary, and certify that the foregoing resolutions of the Governing Body of the Company were duly consented to and adopted as of the date hereof; and it is further

**RESOLVED**, that all acts and deeds previously performed by any of the officers of the Company prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Company.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of DLA Piper LLP (US) ("DLA Piper") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of DLA Piper; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PJT Partners LP ("PJT"), as investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJT; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC ("Prime Clerk") as notice and claims agent represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals that are reasonably necessary to assist each Company in carrying out its duties under the Bankruptcy Code and to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications, to the extent necessary, for authority to retain the services of any such additional professionals; and it is further

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of all fees, expenses and taxes) that such Authorized Officers deems necessary, advisable or desirable in

connection with each Company's Chapter 11 Case, including, without limitation, negotiation, executing, delivering, filing and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) and other documents, in connection with the engagement of professionals and consultants contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Cases; and it is further

**Cash Collateral and Adequate Protection**

> **RESOLVED**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the prepetition secured lenders (collectively, the "Bridge Secured Lenders") party to the Bridge Credit Agreement, as amended by that certain Second Amendment to Credit Agreement, dated as of October 16, 2020; and it is further

> **RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Bridge Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court; and it is further

> **RESOLVED**, that the form, terms and provisions of the Cash Collateral Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted and approved, and each of the Authorized Officers of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Governing Body, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof , and it is further

> **RESOLVED,** that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations (as set forth in the Cash Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions"); and it is further

> **RESOLVED,** that the Authorized Officers of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents

as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document; and it is further

 **RESOLVED**, the Authorized Officers of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of the Exit Facilities, the Omnibus Swap Amendment (as these terms are defined in the Plan) and any such other or further instruments in furtherance of the Plan; and it is further

 **RESOLVED,** that each of the Authorized Officers of each Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any mortgages, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Cash Collateral Order, the Exit Facilities and/or Omnibus Swap Amendment, as applicable, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of each Company, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the Cash Collateral Order; and it is further

 **RESOLVED,** that each of the Authorized Officers of each Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

 **RESOLVED,** that each of the Authorized Officers of each Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall, in their sole judgment, be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

### Form 8-K Filing

 **RESOLVED**, that in connection with the Chapter 11 Cases, the Governing Body authorizes the filing with the Securities and Exchange Commission of a Current Report on Form 8-K and press release, subject to the approval of the Authorized Officers, but with such changes and additions as are required by law or as such officers, in their discretion, deem necessary or appropriate, and authorizes such other filings

in connection therewith as are required by the Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder.

**General Authorization and Ratification**

> **RESOLVED**, that, to the fullest extent allowed by applicable law, any and all past actions heretofore taken by any Authorized Officers, in the name and on behalf of the Company, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and it is further

> **RESOLVED**, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and it is further

> **RESOLVED**, that the Authorized Officers are authorized and directed, in the name of and on behalf of the Company, under the Company's corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as any such Authorized Officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 Cases, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and it is further

> **RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

*[The Remainder of This Page Is Intentionally Left Blank]*

**Fill in this information to identify the case:**

Debtor name: <u>Pennsylvania Real Estate Investment Trust, et al.</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>
(State)

Case number (if known): _____

☐ Check if this is
an amended
filing

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wells Fargo Bank, National Association (Agent) 10 South Wacker Drive, 32nd Floor Chicago, IL 60606 | Brandon Barry Phone: (312) 827-1525 E-mail: brandon.barry@wellsfargo.com | Unsecured Bank Loan (Revolver/TL Credit Agreement) | | | | $668,454,545.46 |
| 2 | Wells Fargo Bank, National Association (Agent) 10 South Wacker Drive, 32nd Floor Chicago, IL 60606 | Brandon Barry Phone: (312) 827-1525 E-mail: brandon.barry@wellsfargo.com | Unsecured Bank Loan (Seven Year Term Loan Agreement) | | | | $244,545,454.54 |
| 3 | Service Management Systems, Inc. 7135 Charlotte Pike Suite 100 Nashville, TN 37209 | Scott Born, President Phone: (615) 850-5454 Fax: (615) 399-1438 E-mail: info@smsholdings.com | Trade | | | | $1,122,572.10 |
| 4 | Abercrombie & Fitch Stores, Inc. P.O. Box 182539 Columbus, OH 43218 | Gregory J. Henchel, General Counsel Phone: (614) 283-6500 E-mail: abercrombie@abercrombie.com HollisterCo@hollisterco.com | Lease Payment | | | | $383,155.35 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 Carter's 3438 Peachtree Toad, N.E., Suite 1800 Atlanta, GA 30326 | Deborah Coles Phone: (678) 791-7796 Email: Deborah.coles@carters.com | Lease Payment | | | | $374,976.36 |
| 6 Lower Allen Township 2233 Gettysburg Road Camp Hill, PA 17011 | Thomas G. Vernau, Jr., Township Manager Phone: (717) 975-7575 Fax: (615) 399-1438 | Tax | | | | $371,703.29 |
| 7 Metroplex West Associates 630 Sentry Parkway Suite 300 Blue Bell, PA 19422 | Phone: (610) 260-9600 Fax: (610) 260-0269 E-mail: info@goldenberggroup.com leasing@goldenberggroup.com | Lease Payment | | | | $341,128.44 |
| 8 Collector of Taxes P.O. Box 709 Scranton, PA 18501 | Phone: (570) 963-6756 Fax: (570) 963-6425 | Tax | | | | $265,014.36 |
| 9 The Goodyear Tire & Rubber Company 200 Innovation Way Akron, OH 44316-0001 | David E. Phillips, General Counsel Phone: (330) 796-2121 Fax: (330) 796-2222 | Trade | | | | $200,000.00 |
| 10 Sajo Construction 1320 Graham Blvd. Montreal, Quebec Canada H2P 3C8 | Phone: (402) 426-1880 Fax: (514) 389-8622 E-mail: workwithuseurope@sajo.com workwithus@sajo.com | Trade | Disputed | | | $139,454.61 |
| 11 Champs Sports 330 West 34th Street New York, NY 10001 | Richard Johnson, CEO Phone: (212) 720-3700 Phone : (941) 748-0577 E-mail: mediarelations@footlocker.com | Trade | | | | $116,000.00 |
| 12 Total Maintenance Management P.O. Box 643774 Cincinnati, OH 45264 | Keith Wolken Phone: (615)-850-5454 E-mail: kwolken@smsholdings.com | Trade | | | | $115,432.69 |
| 13 Fluidics Inc. 9815 Roosevelt Blvd Suite A Philadelphia, PA 19114 | Robert K. Baranowski, President Phone: (215) 671-7900 Fax: (215) 671.0055 E-mail: sales@fluidics.com | Trade | | | | $93,590.28 |
| 14 Aspire Technology Partners, LLC P.O. Box 789172 Philadelphia, PA 19178 | Derek Megargel Phone: (732) 847-9600 E-mail: dmegargel@aspiretransforms.com | Trade | | | | $84,759.47 |

2

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | Constellation NewEnergy P.O. Box 4640 Carol Stream, IL 60197 | Joe Falci Phone: (513) 793-0185 E-mail: joseph.falci@constellation.com | Utility | | | | $71,699.91 |
| 16 | Rieth-Riley Construction Co., Inc. 2100 Chicago Drive, S.W. Wyoming, MI 49519 | Ryan Craven Phone: (616) 248-0920 Fax: (616) 248-0928 | Trade | | | | $69,174.50 |
| 17 | Bayview Associates 185 N.W. Spanish River Blvd., Suite 100 Boca Raton, FL 33431 | Jeffrey Sandelman Phone: (561) 620-9200 Fax: (561) 955-9921 E-mail: jsandelman@kinproperties.com | Lease Payment | | | | $66,666.67 |
| 18 | Village Green Property Inc. 187 Gallup Road Princeton, NJ 08540 | Irene Sanz Phone: (609) 856-9773 E-mail: irsanz@mac.com | Lease Payment | | | | $65,333.34 |
| 19 | Wolfe Scott Associates Inc. 910 East Main Street Suite 200 Norristown, PA 19401 | Lee P. Wolfe Phone: (215) 545-1272 E-mail: information@wolfescott.com | Trade | Disputed | | | $64,022.62 |
| 20 | Granite Telecommunications LLC P.O. Box 983199 Boston, MA 02298 | Michael Galvin Phone: (617) 745-5168 E-mail: mgalvin@granitenet.com | Trade | Disputed | | | $57,414.65 |
| 21 | PSE&G P.O. Box 14444 New Brunswick, NJ 08906 | Tamara L. Linde, General Counsel Phone: (973) 430-8058 Fax: (973) 430-5983 E-mail: tamara.linde@pseg.com | Trade | | | | $52,102.72 |
| 22 | MSC Retail, Inc. 1845 Walnut Street Suite 600 Philadelphia, PA 19103 | Phone: (215) 568-2600 | Professional Services | | | | $51,395.00 |
| 23 | CallisonRTKL Inc. P.O. Box 402336 Atlanta, GA 30384 | Julie Martin, Counsel Phone: (206) 906-5194 Email: Julie.Martin@crtkl.com | Trade | | | | $51,024.96 |
| 24 | CBRE, Inc. P.O. Box 848844 Los Angeles, CA 90084 | Lewis C. Horne Phone: (215) 613-3333 E-mail: lew.horne@cbre.com | Professional Services | Disputed | | | $48,940.50 |

3

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | Green Street Advisors 660 Newport Center Drive, Suite 800 Newport Beach, CA 92660 | Katie Clemons Phone: (949) 640-8780 E-mail: kclemons@greenstreet.com | Professional Services | | | | $47,000.00 |
| 26 | Reliable Contracting Co., Inc. 2410 Evergreen Road Suite 200 Gambills, MD 21054 | Tony Diferdinando Jr. Phone: (410) 987-0313 E-mail: tonyd@reliablecontracting.com | Professional Services | | | | $46,054.84 |
| 27 | Lincoln Construction Corporation 117 N. Bailey Lane Purcellville, VA 20132 | Lin Sutphin, President Phone: (703) 450-1200 Fax: (703) 450-2003 Email: lin@lc-corp.com | Professional Services | | | | $34,343.10 |
| 28 | Donnelley Financial LLC P.O. Box 531832 Atlanta, GA 30353 | Jennifer B. Reiners, General Counsel Phone: (800) 823-5304 | Professional Services | | | | $29,620.00 |
| 29 | O'Melveny & Myers LLP 400 South Hope Street 18th Floor Los Angeles, CA 90071 | Rachel Chan Phone: (213) 430-6000 Fax: (213) 430-6407 E-mail: rchan@omm.com | Professional Services | | | | $28,786.00 |
| 30 | Conner Strong & Buckelew Companies, LLC P.O. Box 989 Marlton, NJ 08053 | Heather A. Steinmiller, General Counsel Email: hsteinmiller@connerstrong.com Phone: (877) 861-3220 | Professional Services | | | | $26,599.33 |

4

Fill in this information to identify the case and this filing:

Debtor Name __Pennsylvania Real Estate Investment Trust, et al.__

United States Bankruptcy Court for the: _____ District of Delaware
                                                      (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐      *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐      *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐      *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐      *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐      *Schedule H: Codebtors (Official Form 206H)*

☐      *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐      *Amended Schedule* _____

☒      *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐      *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __11/01/2020__☐
                MM / DD / YYYY                    ✗ _/s/  Lisa Most_____
                                                  Signature of individual signing on behalf of debtor

                                                  Lisa Most_____
                                                  Printed name

                                                  Executive VP / General Counsel_____
                                                  Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PREIT Associates, L.P., | Case No. __-_____ (___) |
| Debtor. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of PREIT Associates, L.P. certifies that the following corporate entities directly own 10% or more of PREIT Associates, L.P.'s equity interest.

| Equity Holder | Percentage of Total Equity |
|---|---|
| Pennsylvania Real Estate Investment Trust | 97.50% |

Fill in this information to identify the case and this filing:

Debtor Name    PREIT Associates, L.P.

United States Bankruptcy Court for the: _____ District of Delaware
                                                    (State)

Case number (*if known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration* Statement of Corporate Ownership

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/01/2020 ☐                    */s/ Lisa Most*
              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                 Signature of individual signing on behalf of debtor
              MM / DD / YYYY

                                               Lisa Most
                                               Printed name

                                               Executive VP / General Counsel
                                               Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PREIT Associates, L.P., | Case No. __-_____ (___) |
| Debtor. | (Joint Administration Requested) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, PREIT Associates, L.P. hereby provides the following list of holders of equity interests:[1]

| Name and Address of Interest Holder | Kind of Interest | Number of Units Held |
|---|---|---|
| Pennsylvania Real Estate Investment Trust 2005 Market Street Suite 1000 Philadelphia, PA 19103 | General Partner Interest | 93,313.84 Units |
| Pennsylvania Real Estate Investment Trust 2005 Market Street Suite 1000 Philadelphia, PA 19103 | Limited Partner Interest | 77,367,129.00 Units |
| Fractional Holders | Class A Limited Partner Interest | 1,949,570.00 Units |
| Fractional Holders | Class B Limited Partner Interest | 26,357.00 Units |

---

[1] The Debtors are requesting to limit their compliance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure only to the extent to be excused from disclosing the fractional holders of the limited partnership interest. *See Motion of the Debtors for Entry of Interim and Final Orders(I) Authorizing the Debtors (A) to File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor and (B) to File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors and (II) Limiting the Requirement As to Certain Equity Security Holdings Disclosures.*

Fill in this information to identify the case and this filing:

Debtor Name PREIT Associates, L.P.

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   *Amended Schedule _____*

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   *Other document that requires a declaration*  List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/01/2020_____
                MM / DD / YYYY

/s/ Lisa Most_____
Signature of individual signing on behalf of debtor

Lisa Most_____
Printed name
Executive VP / General Counsel_____
Position or relationship to debtor